UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVIX GOLF, INC., Plaintiff, v. JEFFREY P. MOHR; et al., Defendants. | Civil No. 05CV1488 JAH (CAB) **ORDER DENYING DEFENDANTS' NOTICE OF WITHDRAWAL OF REPRESENTATION** **[Doc. No. 88]** |

On January 23, 2007, counsel for Defendants Jeffrey P. Mohr, Remedy Golf, Inc., Bandwagon, Inc. (collectively "Defendants"), filed a notice of withdrawal of representation by co-counsel John Haller and Susan Meyer. *See* Doc. No. 88. Counsel for Defendants gave no reasons for withdrawal from representation at this stage of the litigation. The notice was served on opposing counsel, as well as the moving party's clients, pursuant to Civ.LR 83.3(g.3).

An attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992). The Court should not permit an attorney to withdraw as counsel where the withdrawal would hinder prosecution of the action and cause prejudice to the represented party's opponent. Goldsmith v. Pyramid Communications, Inc., 362 F.Supp. 694, 696 (S.D.N.Y. 1973). An attorney seeking to withdraw from representation of its client, therefore, should provide a detailed explanation to the reviewing court of the reasons believed to constitute "good cause" for the withdrawal. Counsel for Defendants failed to do so here. Instead, attorneys John Haller and Susan Meyer only filed its notice of intent to withdraw, giving no explanation to this Court why they seek to do so at this stage.

Moreover, pursuant to this Court's Local Rules, an attorney seeking to withdraw from representation must file a "a notice of motion to withdraw," not simply give notice to this Court of its intent to do so. Civ.LR 83.3(g.3.a).

Accordingly, for the reasons stated above, counsels' notice to withdraw is **DENIED without prejudice**.

**IT SO ORDERED**.

DATED: February 5, 2007

HON. JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Bencivengo
All Counsel of Record