UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIVIX GOLF INC.<br><br>Plaintiff,<br>v.<br><br>JEFFREY P. MOHR<br><br>Defendants. | ) | Civil No. 05CV1488 JAH (CAB)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND DENYING PLAINTIFF'S MOTION TO EXCLUDE EXHIBITS<br><br>[Document No. 256]<br>[Document No. 260] |

On July 20, 2010, this Court held oral argument on plaintiff's ex parte motions. (Docs. 256, 260.) Plaintiff filed its ex parte motion to exclude defendants' trial exhibits, strike defendants' trial brief, and obtain sanctions on July 16, 2010. At the time plaintiff filed that motion, plaintiff had not received any exhibits from defendant, notwithstanding the Court's order that exhibits be submitted to opposing counsel by July 9, 2010. See Doc. 241. Defendants had also untimely filed its trial brief.

After receiving the exhibits and exhibit\ list, plaintiff filed an ex parte motion to continue the trial date on July 18, 2010. In that motion, plaintiff claimed it needed additional time to review the eleven patents and seven new hardware tools that defendant included in its exhibit list.

In its response, defendants claimed its exhibits were available for retrieval from defense counsel's office on July 10, 2010. Defendants also claimed it previously produced

the eleven patents on its exhibit list during discovery and plaintiff's counsel had an opportunity to inspect the new hardware tools during a previous meeting.

During oral argument, plaintiff claimed it timely submitted pdf versions of its exhibits to defendant. Plaintiff argued that defendants did not timely submit its exhibits because it was waiting for hard copies of plaintiff's exhibits. Upon questioning by the Court, plaintiff claimed that defendant produced over one hundred patents in discovery, four years ago, and plaintiff had no knowledge of the specific patents defendant intended to use during trial until defendants' late submittal of its exhibit list. Plaintiff further disavowed any knowledge of six of the seven new hardware tools on the exhibit list. In light of the foregoing, plaintiff requested a one day continuance of the trial.

Defendants countered that plaintiff was unresponsive to its attempts to exchange exhibits, the late filing of its trial brief was due to an internal calendar error, and plaintiff should have previously reviewed the patents disclosed during discovery. Defendants also contended a half day continuance of the trial would allow plaintiff sufficient time to review the patents and hardware tools.

Based on the parties' motions and representations during oral argument, IT IS HEREBY ORDERED that plaintiff's request to exclude defendants' exhibits and strike defendants' trial brief is DENIED. This Court reserves ruling on plaintiff's request for sanctions. Defendant is ordered to show cause why sanctions should not be issued on July 21, 2010 at 9:00 a.m.

IT IS FURTHER ORDERED that plaintiff's motion for a continuance is GRANTED. The trial is continued to July 21, 2010 at 9:15 a.m.

Dated: July 20, 2010

John A. Houston
United States District Court