1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVIX GOLF INC., <br><br>　　　　　Plaintiff, <br>v. <br>JEFFREY P. MOHR et al., <br>　　　　　Defendants. | Civil No. 05CV1488 JAH (CAB) <br><br>**ORDER DENYING MOTION TO ALTER AND/OR AMEND FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DATED AUGUST 19, 2011** <br><br>**[DKT. NO. 304]** |

The background of this litigation is contained in the Court's first trial order, (Dkt. No. 226). On September 16, 2011, defendants Jeffrey P. Mohr; Remedy Golf, Inc.; and Bandwagon, Inc. ("Defendants") filed a "Motion to Alter and/or Amend the Court's Findings of Fact, Conclusions of Law and Order Dated August 19, 2011" ("First Motion"). (Dkt. No. 294.) Defendants asked this Court to alter its Findings of Fact, Conclusions of Law and Order, (Dkt. No. 291), with respect to Finding of Fact No. 14. On October 26, 2011, this Court denied the First Motion. (Dkt. No. 303).

On October 27, 2011, defendant Bandwagon, Inc. ("Bandwagon") filed another "Motion to Alter and/or Amend the Court's Findings of Fact, Conclusions of Law and Order Dated August 19, 2011" ("Second Motion"). (Dkt. No. 294.[1]) Bandwagon asks

---

[1] While Bandwagon's Second Motion is, in fact, styled as a "Motion to Alter and/or Amend the Court's Findings of Fact, Conclusions of Law and Order Dated August 19, 2011," it is described on the Docket as a "Supplemental Motion for Reconsideration re Findings of Fact & Conclusions of Law." Bandwagon's Second Motion, however, is not "supplemental" to the First Motion, as the Second Motion does not supply something additional to the First Motion but instead seeks alteration of this Court's August 19,

this Court "to amend the judgment issued against it to reflect only its own culpability, actions, and profitability, by assessing damages against Bandwagon at the typical six percent royalty rate for only those 70,000 units Bandwagon imported," or, "[i]n the alternative, . . . to limit the amount for which Bandwagon is jointly and severally liable to $77,982.40." The Second Motion has been fully briefed, (Dkt. Nos. 305, 306), and this Court took it under submission without oral argument on December 9, 2011, (Dkt. No. 307).

Defendants seek reconsideration of this Court's second trial order, (Dkt. No. 291), pursuant to Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Under Rule 59(e), reconsideration is appropriate if (1) there is newly discovered evidence requiring amendment or vacation of the judgment; (2) the district court committed clear error or its initial decision was manifestly unjust; or (3) there has been an intervening change in the controlling law. See Zimmerman v. Oakland, 255 F.3d 734, 740 (9th Cir. 2001). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances." Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)).

Bandwagon's Second Motion is not based on the discovery of new evidence or on an intervening change in the controlling law. Thus, if the Second Motion is to be granted, it must be because the Court committed clear error.

The Court finds no clear error with respect to its findings and conclusions as to Bandwagon's liability. "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent, therefor, infringes the patent." 35 U.S.C. § 271. "[P]arties that make and sell an infringing device are joint tort-feasors with parties that purchase an infringing device for use or resale." Shockley v. Arcan, Inc., 248 F.3d 1349 (Fed. Cir. 2011). "Each joint tort-feasor is liable for the **full amount of damages** (up to a full single recovery) suffered by the patentee." Id. (citations omitted)

---

2011, trial order on an entirely different basis than in the First Motion.

1  (emphasis added).  With regard to damages, the court is required to "award the claimant
2  damages adequate to compensate for the infringement."  35 U.S.C. § 284.

3  The Court found that "Bandwagon was the middleman between Remedy and the
4  Chinese manufacturers of the switchblade divot repair tools." (Dkt. No. 291 at 19.)  The
5  Court also found that "Instead of using new molds, Bandwagon modified the molds it
6  made for Divix' switchblade divot repair tools to make Remedy's switchblade divot repair
7  tools." (Id. at 20.)  And, as Bandwagon correctly notes, this Court found it imported
8  70,000 infringing tools.  (Id.)

9  Based on the above findings of fact, and in addition to other findings of fact
10 contained in the August 19, 2011, trial order, the Court found Bandwagon to be a joint
11 tortfeasor and, as such, jointly and severally liable for the amount awarded to Plaintiff as
12 compensation for the infringement, including what this Court concluded was a reasonable
13 royalty rate of 20%.  This conclusion is grounded in currently applicable law as set forth
14 above.

15 Bandwagon has cited no authority for the proposition that an individual joint
16 tortfeasor's conduct is binding with respect to determining that joint tortfeasor's ultimate
17 responsibility for the compensatory damages awarded to a patentee.  Thus, while
18 Bandwagon may have played a different role in the infringement than did the remaining
19 defendants, it remains jointly and severally liable for the damages required to compensate
20 Plaintiff.  In sum, Bandwagon has failed to demonstrate that this Court committed clear
21 error with respect to its liability.  Accordingly, Bandwagon's Second Motion is **DENIED**.

23 Dated: January 20, 2012

JOHN A. HOUSTON
United States District Judge